IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS STRUNK<br>789 East 349th Street<br>Eastlake, Ohio 44095<br><br>  Plaintiff,<br><br>vs.<br><br>SJL MANAGEMENT GROUP, LLC<br>123 South Miller Road<br>Fairlawn, Ohio 44333<br><br>  -and-<br><br>SANDRA NOLL<br>4812 Stone Gate Boulevard<br>Akron, Ohio 44333<br><br>  Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(JURY DEMAND ENDORSED HEREIN)** |

Plaintiff Thomas Strunk, by and through the undersigned, as his Complaint against Defendants states and avers the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219

### PARTIES AND VENUE

2. Strunk is a former employee of Defendants SJL Management Group, LLC and Sandra Noll.

3. SJL is a domestic corporation with its principal place of business in the city of Akron, county of Summit, and state of Ohio.

4. SJL is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

5. SJL is and, at all times material herein, was an enterprise engaged in commerce or in the production of goods for commerce.

6. SJL has and, at all times material herein, had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

7. SJL is and, at all times material herein, was an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

8. SJL is and, at all times material herein, was subject to the provisions of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03 requiring employers to compensate employees who work in excess of forty hours in one workweek at a rate of one and one-half times the employees' normal wage rate

9. Defendant Sandra Noll is a resident of the state of Ohio.

10. Noll is and, at all times hereinafter mentioned, was an officer, director, shareholder, principal, member, and/or manager of SJL.

11. Noll is and, at all times hereinafter mentioned, was a supervisor for SJL, who acted directly or indirectly in the interest of SJL.

12. At all times relevant herein, Noll supervised and/or controlled Strunk's employment with SJL, and acted directly or indirectly in the interest of SJL in relation to its employees, and is an employer within the meaning of 29 U.S.C. § 203(d).

13. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Strunk is alleging a federal law claim arising under the FLSA, 29 U.S.C. § 201, *et seq*.

14. The events giving rise to the claims made in this Complaint occurred in Summit County.

15. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

16. This Court has supplemental jurisdiction over Strunk's state law claims pursuant to 28 U.S.C. § 1367.

17. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

**FACTS**

18. On or about November 1, 2013, Defendants hired Strunk as a Maintenance Manager.

19. SJL owns and operates investment property.

20. As a Maintenance Manager for SJL, Strunk performed building maintenance, electrical work, plumbing, painting, landscaping, and snow removal at SJL properties in Summit County, as well as at SJL properties in West Virginia and South Carolina.

21. As a Maintenance Manager for SJL, Strunk regularly used tools and materials manufactured outside of the state of Ohio.

22. During his employment at SJL, Strunk routinely worked in excess of forty hours per workweek.

23. Defendants knew that Strunk routinely worked in excess of forty hours per workweek.

24. Defendants never paid Strunk one and one-half times his hourly wages for those hours he worked beyond forty per workweek.

25. During Strunk's employment at SJL, other similarly-situated SJL employees routinely worked in excess of forty hours per workweek.

26. Defendants knew that these other similarly-situated employees routinely worked in excess of forty hours per workweek.

27. Defendants did not pay these similarly-situated employees one and one-half times their hourly wages for all hours they worked beyond forty per workweek.

28. Strunk was a non-exempt employee for the purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

29. Other SJL employees, similarly-situated to Strunk and who were also not compensated for overtime hours, were non-exempt employees for the purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

30. Defendants refusal to pay Strunk and other similarly situated SJL employees was in contravention of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03(A).

31. As a direct and proximate result of Defendants' refusal to pay him overtime wages, Strunk suffered and will continue to suffer pecuniary harm.

32. As a direct and proximate result of Defendants' refusal to pay them overtime wages, other SJL employees, similarly situated to Strunk, suffered and will continue to suffer pecuniary harm.

33. On or about August 28, 2017, Strunk complained to Noll that Defendants were not properly paying him his lawfully earned overtime wages.

34. Mere hours after Strunk lodged a complaint about unpaid overtime wages, Defendants terminated his employment, ostensibly because the company was going "in a different direction."

35. Defendants' stated reason for Strunk's termination was pretext for unlawful retaliation.

36. Defendants' termination of Strunk was in retaliation for his complaints of unpaid overtime and was in contravention of 29 U.S.C. § 215.

37. As a result of Defendants' unlawful retaliation against Strunk, Strunk suffered and continues to suffer pecuniary harm.

## COUNT I: FAILURE TO PAY OVERTIME COMPENSATION

38. Strunk restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

39. Strunk worked over forty hours per workweek during his employment with Defendants.

40. Defendants did not pay Strunk overtime wages for hours worked over forty per workweek.

41. Pursuant to Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207, an employer must pay a nonexempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty in one workweek.

42. Strunk was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

43. As a direct and proximate result of Defendants' failure to pay Strunk his lawfully earned overtime wages, Strunk suffered damages.

44. Defendants willfully and/or intentionally violated Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

45. Defendants acted in bad faith in violating Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

46. As a direct and proximate result of Defendants' failure to pay Strunk his lawfully earned overtime wages, pursuant to Ohio Rev. Code § 4111.10(A), Defendants are liable to

Strunk for the full amount of the overtime wage rate, as well as for costs and reasonable attorney's fees as may be allowed by the Court.

47. As a direct and proximate result of Defendants' failure to pay Strunk his lawfully earned overtime wages, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Strunk for the full amount of the overtime wage rate, an additional equal amount as liquidated damages, as well as for costs and reasonable attorney's fees.

## COUNT II: COLLECTIVE ACTION

48. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

49. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly-situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

*50.* The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is currently a member, is composed of and defined as follows*: All former and current SJL Management Group, LLC employees, who are or were non-exempt, who were employed as maintenance workers, and who have not been paid overtime for hours worked in excess of forty hours per workweek at any time between October 24, 2014 and the present.*

51. Plaintiff is unable to state at this time the exact size of the potential class.

52. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly-situated with regard to their wages and claims for unpaid wages

and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

53. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorney's fees and costs under the FLSA.

## COUNT III: RETALIATION IN VIOLATION OF THE FLSA

54. Strunk restates each and every prior paragraph, as if fully restated.

55. Strunk's complaints to Defendants about unpaid overtime wages were protected conduct under the FLSA.

56. Section 15(a)(3) of the FLSA states that it is a violation for *any person* to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

57. Following Strunk's complaints about unpaid overtime compensation, Defendants retaliated against Strunk by terminating his employment.

58. As a direct and proximate result of Defendants' unlawful conduct, Strunk is entitled to the resulting lost wages and an additional equal amount as liquidated damages, as well as the costs of this action and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Thomas Strunk respectfully requests that this Honorable Court grant the following relief:

1. An award against each Defendant of damages to compensate Strunk for back pay, front pay, overtime pay, liquidated damages, and other consequential damages, in an amount in excess of $25,000 per claim;

2. An award against each Defendant of damages to compensate those others similarly-situated to Strunk for back pay, front pay, overtime pay, liquidated damages, and other consequential damages, in an amount in excess of $25,000 per claim

3. An award of reasonable attorney's fees and costs as allowable and/or required under law

4. Any award of other relief that this Court may deem necessary and proper.

Respectfully submitted,

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)
**SOBEL, WADE & MAPLEY, LLC**
2460 Fairmount Boulevard, # 314
Cleveland, Ohio 44106
Phone: (216) 223-7213
Fax:    (216) 223-7213
Email: mapley@swmlawfirm.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Thomas Strunk demands a trial by jury by the maximum number of jurors permitted.

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)
